714

Roger L. LINK, Appellant,

v.

ST. LOUIS–SAN FRANCISCO RAIL-
WAY COMPANY, Respondent.

No. 38065.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Sept. 6, 1977.

David M. Duree, Kenney, Leritz & Rei-
nert, St. Louis, for appellant.

Thomas H. Mug, Gerald D. Morris, St.
Louis, for respondent; Donald E. Engle, St.
Louis, of counsel.

ALDEN A. STOCKARD, Special Judge.

In Plaintiff's suit against the St. Louis-
San Francisco Railway Company (Frisco)
for alleged damages to a private street, the
trial court entered summary judgment for
defendant, and plaintiff has appealed.

Plaintiff alleged that he was the owner of Lot 4 and part of Lot 5 of Arnold Industrial Park in Arnold, Missouri which are "adjacent" to a concrete street known as Industrial Drive, and that pursuant to the provisions of an instrument entitled "Restrictions and Regulations for Arnold Industrial Park," a copy of which was attached to the petition as Exhibit A, he is required to pay for the upkeep of Industrial Drive, and for that reason he has "a proprietary interest in said Industrial Drive." He then alleged that in returning a derailed train to the tracks, defendant railroad "intentionally, or in the alternative, carelessly and negligently drove its heavy cranes and other heavy equipment over said Industrial Drive" and damaged it "to the extent that it must be replaced," all to the damage of plaintiff in the sum of $75,000.

Exhibit A provides, among other things, as follows: "Jefferson County Industrial Corporation and its successor trustees are hereby empowered to assess and collect during each year from and after the date of this indenture from all owners of lots in Arnold Industrial Park, as contained in this legal description, a sum of money sufficient for improving, reconstructing, maintaining, repairing regularly the use of roadways, and other general purposes for the benefit of said Arnold Industrial Park, and the owners of lots therein. * * * The assessments shall be placed in a 'fund' and when said 'fund' reaches six thousand dollars ($6,000.00), then there shall be no further assessments except to replace the funds expended."

Frisco filed a motion to dismiss for failure to state a claim upon which relief may be granted and also a motion for summary judgment. There was no ruling on the motion to dismiss. In the motion for summary judgment Frisco alleged that it had paid to plaintiff the sum of $4,008.24 "in full release of any and all claims arising out of damages done to property located at 108 Industrial Drive, Arnold, Mo., on or about January 29, 1975 * * *." Attached to the motion was a copy of a check in the amount of $4,008.24 payable, not to plaintiff as an individual, but to "Roger L. Link, Incorporated." The endorsement is not shown, but in Frisco's brief it is stated that the draft was endorsed "by Roger L. Link, the individual, as its president." The record does not disclose the location of 108 Industrial Drive, but in oral argument to this court it was stated that it was the street address for Lot 4 and part of Lot 5 owned by plaintiff. It was also stated in oral argument that Roger L. Link, Incorporated, owns no lots in Arnold Industrial Park.

Also attached to the motion for summary judgment was a copy of what is labeled a "General Release and Indemnity Agreement" wherein it was recited that Jefferson County Industrial Corporation contended that the Frisco had damaged property owned by it in Arnold Industrial Park, "including among other things a street known as Industrial Drive," and that the damage arose out of the derailment of Train No. 834 on or about January 28, 1975 near Arnold, Missouri. It was then provided that in consideration of the sum $52,500.00, Jefferson County Industrial Corporation "does release and forever discharge" Frisco from "any and all liability for all claims for all damages of whatever kind and description * * *," and that it also agreed "to indemnify and hold harmless [Frisco] * * against all suits, actions, causes of action and claims for damages by owners and tenants of the Arnold Industrial Park * * * with respect to the above-described property owned by the Jefferson County Industrial Corporation."

Plaintiff makes no claim that he owns the private street known as Industrial Drive. It is admitted that the fee is owned by Jefferson County Industrial Development Corporation. Relying on *Larkin v. Kieselmann*, 259 S.W.2d 785 (Mo.1953), plaintiff contends that he owns "an easement in this paved concrete street" because his lots adjoin that street. But, plaintiff's petition is not based on an interference by Frisco with his use of the easement. Instead, it appears to be premised on the theory that he has a cause of action for damages to his "proprietary interest" in the street resulting from his contractual obligation "to pay [a proportionate share] for the upkeep of said Indus-

trial Drive." As stated subsequently, we are of the opinion that the petition does not state a cause of action. However, that would be a moot question if the trial court correctly entered summary judgment for Frisco. We shall, therefore, rule that issue.

Summary judgment is authorized where, but only where, the "pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Rule 74.04(c); *E. O. Dorsch Electric Co. v. Plaza Construction Co.*, 413 S.W.2d 167 (Mo.1967).

Plaintiff, as president of Roger L. Link, Incorporated, endorsed a check in the amount of $4,008.24 payable to the corporation and given "in full release of any and all claims arising out of damages done to property located at 108 Industrial Drive * *." An easement is property, *Zinser v. Lucks*, 361 Mo. 671, 235 S.W.2d 844 (1951), and in this case the easement is appurtenant to the dominant estate known as 108 Industrial Drive and is incapable of existence separate and apart from that estate. 28 C.J.S. Easements § 4. Therefore, the reference in the release to "all claims arising out of damages done to property located at 108 Industrial Drive" included claims for damage to his proprietary interest in the easement. Plaintiff argues that "It does not appear that * * * any money [was received] as consideration for a Release from claims for damage to the street * * *." But, plaintiff does not own the street, and he does not have a cause of action for damages to the street as such.

The essential issue is whether the release signed by Roger L. Link as president of the corporation is binding on Roger L. Link as an individual and the owner of the dominant estate to which the easement is appurtenant. This is a genuine issue of fact which remains unresolved on this record. There is nothing before us to account for the corporation releasing Frisco—no basis or reason given to support the payment of several thousand dollars *to the corporation*; nothing to show any consideration for any payment whatsoever *to the corporation* which did not own the property at 108 Industrial Drive and therefore had no claim for "damages to the property" at that address, and did not own the street. The intention of the parties in executing the release by the corporation, which had no property interest in the transaction, and in not including plaintiff, who did have such an interest, in the release as joint payee of the check for $4,008.24, is of prime importance, and on this record is an unresolved issue of fact. *Williams v. Riley*, 243 S.W.2d 122 (Mo.App.1951). Was the corporation named in the release and check and Roger L. Link in his individual capacity omitted from both by mutual mistake of fact, inadvertence, misrepresentation or other misadventure? Did the proceeds of the check, upon endorsement by Mr. Link as president of the corporation, go into the coffers of the corporation, or into the individual account of Mr. Link? These and other matters present factual issues which cannot be resolved from the record now before us. They must, however, be determined before it can be ruled as a matter of law that the release signed by plaintiff as president of the corporation is binding on plaintiff, the actual owner of the property, in his individual capacity. For these reasons the declaratory judgment for Frisco was improper.

Because plaintiff's petition seeks to recover for physical damage to a street which he does not own the petition fails to state a claim upon which he is entitled to recover, and should be dismissed. From this record we may not say that it is impossible for him to state a claim upon which relief may be granted, and therefore he should have an opportunity to amend his petition if so advised.

The judgment is reversed and the cause remanded with directions to dismiss the petition with leave to amend, and for such further proceedings as may be appropriate.

SIMEONE, C. J., and NORWIN D. HOUSER, Special Judge, concur.