UNITED STATES of America, Plaintiff,

v.

126.24 ACRES OF LAND, More or Less, SITUATE IN ST. CLAIR COUNTY, STATE OF MISSOURI; and Lawrence A. Upp, et al., Defendants.

No. 79–0258–CV–W–1.

United States District Court, W.D. Missouri, W.D.

Oct. 18, 1983.

Robert G. Ulrich, U.S. Atty., Kenneth E. Weinfurt, Asst. U.S. Atty., Kansas City, Mo., for plaintiff.

Tom J. Helms, Collet, Borich & Helms, Kansas City, Mo., Robert W. Spangler, Harrisonville, Mo., John M. Belisle, Belisle & Baker, Osceola, Mo., Harland D. Burkhead, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, Senior District Judge.

### I.

This case pends on: (1) defendants' motion for reconsideration of this Court's January 20, 1983 Memorandum and Order and plaintiff's response to defendants' motion for reconsideration in which the government also moved that the Court reconsider its January 20, 1983 Memorandum and Order; and (2) plaintiff's motion for summary judgment against defendants Bobbitt. We will discuss these motions in order.

### II.

On January 20, 1983, this Court issued a pretrial ruling in this land condemnation case which determined the interest that certain defendants possessed in the land being acquired by the government from Lawrence A. Upp, *United States v. 126.24 Acres of Land,* 555 F.Supp. 319 (W.D.Mo.1983). The parties thereafter filed their respective motions for reconsideration of that ruling.

After analyzing the parties' motions for reconsideration, the Court determined that it initially had not been fully apprised of all the material facts necessary to make the pretrial ruling in this case. We accordingly ordered the parties to confer, agree upon, prepare and file a further stipulation of all facts necessary to resolve the questions raised by defendants' motion for reconsideration and plaintiff's response to that motion. In a commendable fashion, counsel for the parties were able to agree upon all relevant facts and produced a stipulation with all pertinent documents attached as exhibits.

Ruling the pretrial questions presented in this condemnation case requires an examination of various transactions which took place over a 25 year period that together produced the development known as Upp's Resort. On April 10, 1950 William R. Upp and his wife, Nellie A. Upp, in an attempt to create a subdivision, filed a drawing with the Recorder of Deeds, St. Clair County, Missouri, depicting "Red Rock Addition." Next to the drawing appears a series of handwritten paragraphs, evidently prepared by the Upps, setting forth certain "privileges" and "restrictions" on the Red Rock Addition landowners. This attempted plat, being merely a drawing, did not meet the requirements under the Missouri statutes regarding plats of subdivisions.

The inadequacies and deficiencies of the attempted plat led Red Rock Addition landowners to file suit against Nellie Upp on December 12, 1958. Apparently, the plaintiffs consisted of all of the landowners who had purchased lots in Red Rock Addition until that date, but many lots remained unsold. The parties to this suit entered into a Compromise Agreement on July 14, 1959, and that agreement was incorporated in a decree of court on record in St. Clair County, Missouri, Case No. 2894 entitled *Frank W. Little, et al. v. Nellie A. Upp,* entered on April 18, 1960 (hereinafter the Decree). Pursuant to the Compromise Agreement, a survey of Red Rock Addition was conducted and filed November 17, 1959 and this brought the attempted plat into conformance with the requirements of the Missouri statutes.

On May 10, 1958, Nellie Upp expanded Upp's Resort by filing properly surveyed plats of West Addition Upp's Resort, North Addition Upp's Resort and Upp's Resort Subdivision. On that same day, a "Declaration" was filed of record with the St. Clair County Register of Deeds and these Additions were made subject to it. This Declaration described the rights and duties of the landowners. On June 4, 1975, a plat of Nellie's Addition was filed and, as an addition to Upp's Resort, was made subject to the Declaration.

## III.

It is now clear that the rights of the landowners in Upp's Resort are governed by three documents rather than two as was first believed by the parties and the Court. The first document is the attempted plat with the handwritten restrictions filed by the Upps on April 10, 1950; the second is the April 18, 1960 Decree; the third is the May 10, 1958 Declaration.

The rights of the owners of lots in the Red Rock Addition who were not plaintiffs in the 1958 action or who are not successors in interest to those plaintiffs are defined and controlled solely by the original 1950 attempted plat. The rights of plaintiffs in the 1958 suit as well as their successors in interest are defined and controlled by the original 1950 attempted plat as interpreted, affected or superseded by the Decree. The rights of all the owners of lots in the West Addition, the North Addition, Upp Resort Subdivision, and Nellie's Addition are defined and controlled by the Declaration. We will discuss the rights of each group of lot owners in order.

## A.

The relevant portions of the handwritten restrictions on the 1950 attempted plat read as follows:

> This Titleholder, his family and friends have the privilege of fishing and hunting on all properties and lakes owned or leased by Upp Resort Company, except parts that will be closed temporarily or permanently for spawning, breeding or grazing purposes . . . .

> These restrictions are made for the benefit of all concerned . . . .

Defendants contend that the wording of the restrictions granted the lotowners an easement to use the lake. According to the defendants, the Upps used this easement as an inducement to potential lotowners to purchase lots. Plaintiff, on the other hand, argues that the wording gives the lotowners merely a license to use the lake because the Upps reserved the right to close the lake permanently for spawning, breeding or grazing purposes.

The distinction between an easement and license is important in a condemnation case because a license does not constitute property for which the government is liable upon condemnation. *Action v. United States*, 401 F.2d 896, *cert. den.* 395 U.S. 945, 89 S.Ct. 2018, 23 L.Ed.2d 463 (9th Cir.1968). An easement appurtenant, however, is an interest in land and as such is a compensable and transferable right for which the government is liable upon condemnation.

The distinguishing feature between an easement and a license under Missouri law is that a license is revocable at will by the grantor. *Kansas City Area Transportation Authority v. Ashley*, 485 S.W.2d 641, 644 (Mo.App.1972); *First Trust Co. v. Downs*, 230 S.W.2d 770, 775 (Mo.App. 1950). In the present case, the grantor was not free to revoke the right to use the lake for fishing at any time. Rather, the grantor could only revoke the grant if the lake were closed for spawning, breeding, or grazing purposes. The fact that the grantor did not reserve the right to close off the lake at will at any time demonstrates that the rights conveyed to the lotowners were greater than those of a bare license.

Thus, the rights created by the attempted plat must be characterized as an easement to use the lake for fishing and hunting, including any rights incident or necessary to the proper enjoyment of the easement such as a right to use a boat for fishing. Although unartfully drawn, the handwritten statement was an express grant of an easement appurtenant, formally executed in writing and filed with the Register of Deeds of St. Clair County. *See Three-O-Three Inv., Inc. v. Moffitt*, 622 S.W.2d 736, 739 (Mo.App.1981); and *Allee v. Kirk*, 602 S.W.2d 922, 924 (Mo.App.1980). There is no doubt that this easement is limited by the fact that the grantor reserved the right to close off the lake for a limited purpose, but this fact affects only the value to be placed on this interest; it does not destroy the interest altogether.

## B.

Plaintiff and defendants also disagree about the rights of the lotowners under the 1950 attempted plat as interpreted, affected or superseded by the Decree. In our January 20, 1983 Order in this case, we concluded, without knowledge that the 1950 attempted plat existed, that the Decree granted the plaintiffs to the suit, as well as their successors in interest, an easement to use the water wells as described in the Decree, an easement for access to the lake, but no easement to use the lake.

Today we conclude that our January 20, 1983 Memorandum and Order correctly decided the question concerning the rights in the water wells and we therefore incorporate the discussion of that issue herein by reference. *See* 555 F.Supp. at 321–22. It is now apparent, however, that the easement for access to the lake must be expanded to include a right to use the lake for fishing and hunting as provided in the 1950 attempted plat.

As discussed above, we have concluded that the 1950 attempted plat granted lotowners in Red Rock Addition an easement to use the lake for fishing. The Decree grants the plaintiffs to the suit and their successors in interest a right of access to the lake but it is silent concerning the right to use the lake. The attempted plat and Decree, when read together, however, grant an easement for access to the lake as well as an easement to use the lake for fishing and hunting. Our prior Order will accordingly be modified.

## C.

Concerning the lotowners whose rights are defined by the Declaration, the parties have not filed any new material that would affect our prior decision. We have reviewed our discussion of the effect of the Declaration and conclude that our prior Order was correct and we therefore also incorporate the discussion of that issue herein by reference. *See* 555 F.Supp. at 322–24.

## IV.

Plaintiff has filed a motion for summary judgment against defendants Paul J. Bobbitt and Catherine Bobbitt. The Bobbitts conveyed to the United States certain tracts located in Upp's Resort. The Bobbitts still own land on the west side of the lake in Upp's Resort and they, along with the other defendants, claim damages for loss of access to and use of the lake, and loss of the use of water wells.

Plaintiff contends that the Bobbitts executed a "Release" in favor of the government which prevents the Bobbitts from receiving any further compensation for easements appurtenant to their dominant estates. In pertinent part the release states that, for valuable consideration, the Bobbitts release:

the United States of America, its successors and assigns, of and from any and all debts, claims, demands, actions, causes of action, suits, damages or liability, of whatsoever kind in law or equity, whether specifically described or referred to herein or not, which we now have, or which may hereafter arise out of, as a result of, or in connection with, the acquisition of fee title by the said United States of America from said undersigned to all the real property described in and covered by Tracts Nos. 6900, 6901, 6905, 6906, 6907, 6911, 6912, 6913, 6918, and 6920, Harry S. Truman Dam and Reservoir Project, Missouri, whether by direct purchase or by condemnation proceedings, as to any and all right, title, interest, estate, privileges, express or implied, in connection with the rights of said undersigned, and each of them, to the use and enjoyment of all of the private roads in the resort area commonly known and referred to as Upp's Resort, . . . as well as the rights and privileges to the use and enjoyment of access to and use of said private lakes.

Defendants argue, on the other hand, that the release relates only to liability arising out of, as a result of, or in connection with the acquisition of fee title to the ten described tracts. Defendants admit that

836

they should not receive any more compensation relating to the ten tracts, but they believe that the Bobbitts should recover damages for the taking of the easements appurtenant to their remaining ownership.

■ In Missouri, the primary rule of construction of the language of a release is that "the intention of the parties shall govern," *Williams v. Riley,* 243 S.W.2d 122, 124 (Mo.App.1951). The intent, however, must be determined from the plain language of the release, *State ex rel. Stutz v. Campbell,* 602 S.W.2d 874, 876 (Mo.App.1980); and, when the release is confined by its terms to liability arising out of a specific matter, "any language, general in form, when used in connection with [a] specific matter, will be presumed to have been used in subordination to it, and will be construed and limited accordingly." *Holly Inv. v. Land Clearance for Redev. Auth.,* 646 S.W.2d 126, 129 (Mo.App.1983), *quoting from Williams v. Riley, supra,* at 124.

■ In the present case, the release is clearly limited in scope. There is no question that the government is released from any liability for damage to lake and road easements appurtenant to the ten described dominant estates. *See Link v. St. Louis— San Francisco Railway Co.,* 556 S.W.2d 714 (Mo.App.1977). That, however, is as far as the release extends; it does not extend to the Bobbitts' remaining ownership because, by its very terms, the release is limited to the ten described tracts. Thus, the Bobbitts must be compensated for damage to or destruction of any easements appurtenant to their remaining lots.

### V.

Accordingly, it is

ORDERED (1) that to the extent this Court's January 20, 1983 Order is inconsistent with the following Orders, it is hereby vacated. It is further

ORDERED (2) that the Land Condemnation Commission is directed in accordance with the following rulings:

(a) that the defendants whose rights are defined solely by the 1950 attempted plat have an easement to use the lake for fishing and hunting subject to the restrictions in the attempted plat;

(b) that the defendants whose rights are defined by the 1950 attempted plat, as interpreted, affected or superseded by the 1960 Decree have an easement to use the water wells as described in the Decree, an easement for access to the lake, and an easement to use the lake for fishing and hunting subject to the restrictions in the 1950 attempted plat; and

(c) the defendants whose rights are defined by the Declaration, have an easement to use the water wells and an easement to use the lake, subject to the restrictions in the Declaration. It is further

ORDERED (3) that plaintiff's motion for summary judgment against defendants Bobbitt should be and is hereby denied.