James E. DULANY, Jr., and Marinelle Dulany, Appellants,

v.

MISSOURI PACIFIC RAILROAD COMPANY, and Missouri State Highway and Transportation Department, Respondents.

No. WD 39844.

Missouri Court of Appeals, Western District.

Oct. 4, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 28, 1989.

Application to Transfer Denied April 18, 1989.

G. Spencer Miller, Lynne J. Bratcher (argued), Kansas City, for appellants.

Richard L. Martin, Kansas City, for Missouri Pacific RR.

Rich Tiemeyer, Earl Schrader, Jr. and Thomas W. Rynard (argued), Kansas City, for Missouri Highway and Transp. Com'n.

Before NUGENT, P.J., and SHANGLER and TURNAGE, JJ.

NUGENT, Presiding Judge.

Plaintiffs James E. and Marinelle Dulany appeal from the trial court's decisions granting summary judgment to the defendant Missouri State Highway and Transportation Department and granting defendant Missouri Pacific Railroad's motion to dismiss.

We reverse in part and affirm in part.

In July, 1977, plaintiffs James E. and Marinelle Dulany purchased a thirteen acre tract of real property in the 5300 block of Noland Road, part of which formerly had been owned by Maud and Manson Hobbs. In 1946, while the Hobbses owned the property, the Missouri Pacific filed a condemnation action against them in the Jackson County Circuit Court to obtain a right-of-way across the property. The new right-of-way cut off access to Noland Road from the Hobbs' property. On July 23, 1946, the circuit court granted the right-of-way to the Railroad and ordered the Railroad to pay the Hobbses $13,000 and to provide a private roadway with an entrance to Noland Road. The court's order was filed in the office of the Jackson County Recorder of Deeds. The Railroad provided a roadway which ran under the bridge the Railroad erected on the right-of-way.

In July, 1977, when plaintiffs purchased their thirteen acres, the property had two places of access, one from 53rd Street and the one from Noland Road provided by the railroad. Plaintiffs purchased the thirteen acres with the intent of dividing it into two parcels, one having the entrance to 53rd Street and the other having the entrance to Noland Road.

In July, 1982, however, the defendant Highway Department erected a guardrail along Noland Road that blocked the private roadway and prevented access to Noland Road. The Highway Department refused to remove the guardrail or compensate plaintiffs. Defendant Railroad refused to provide a different roadway or to allow an additional right-of-way to plaintiffs. On August 15, 1985, plaintiffs sold the thirteen acres in one piece at what they contend is substantially less than what they would have received had the guardrail not been erected or had they continued to have access from the thirteen acres to Noland Road.

Plaintiffs filed suit, naming both the Missouri Pacific Railroad and the Missouri State Highway and Transportation Department as defendants. On February 28, 1986, the Highway Department filed a motion for summary judgment under Rule 74.04 [1]. The court first denied the motion on April 16 and then on June 13 granted it after the department filed a motion to reconsider. Plaintiffs filed a notice of appeal that was dismissed as premature. On May 5, 1987, defendant Railroad filed a motion to dismiss. On June 25 plaintiffs filed a motion to reconsider the granting of summary judgment. The trial court granted the Railroad's motion to dismiss and denied plaintiff's motion to reconsider. This appeal followed.

■ Summary judgment is deemed an "extreme and drastic remedy." *Cooper v. Finke*, 376 S.W.2d 225, 229 (Mo.1964), and a court should exercise great care in awarding it because it borders on a denial of due process. *Olson v. Auto Owners Insurance Co.*, 700 S.W.2d 882, 884 (Mo. App.1985); *Miller v. United Security Insurance Co.*, 496 S.W.2d 871, 875–76 (Mo. App.1973); *Kroger Co. v. Roy Crosby Co.*, 393 S.W.2d 843, 844 (Mo.App.1965). In ruling on the propriety of a summary judgment, an appellate court must examine the record in the light most favorable to the party against whom it was rendered. Summary judgment may be rendered only when the pleadings, admissions, depositions, and affidavits make plain that no genuine issue of material fact exists. A genuine issue of fact exists where the slightest doubt appears about the facts, and the party seeking summary judgment has the burden to show by unassailable proof [2] that no such genuine issue of fact is present. *White v. American Republic Insurance*, 726 S.W.2d 357, 360 (Mo.App.1987); *Commerce Bank of Fenton, N.A. v. B.P.J. Enterprises, Inc.*, 659 S.W.2d 615, 617 (Mo.App.1983). Finally, summary judgment is inappropriate unless as a matter of law judgment should be entered in favor of the prevailing party. *Bakewell v. Missouri State Employees' Retirement System*, 668 S.W.2d 224, 226 (Mo.App.1984).

In 1946 the circuit court ordered the Missouri Pacific Railroad to provide access to Noland Road from the property in question. The Railroad did so, and an easement was recorded. Plaintiffs concede that the Railroad failed to secure a permit for entry on to a state highway and that such a permit is necessary. Yet the access driveway onto Noland Road remained in use from 1946 until 1982. When plaintiffs bought the tract, they had access to Noland Road and had no reason to suspect that it might be taken from them.

■ Defendant Highway Department argues that control, dominion, power, and jurisdiction over state highways rests exclusively in the state highway commission. *See Crofton v. City of Kansas City*, 660 S.W.2d 709, 717 (Mo.App.1983). We agree

---

**1.** Missouri Rules of Civil Procedure.

**2.** The May 22, 1987, amendment to Rule 74.04, effective January 1, 1988, omits former Rule 74.04(h), which required that the prevailing party be "shown by unassailable proof" to be entitled to summary judgment as a matter of law.

and plaintiffs do not dispute that point. Plaintiffs contend instead that this is a case of inverse condemnation. Inverse condemnation is a cause of action against a governmental agency to recover the value of property taken by the agency, though no formal exercise of the power of eminent domain has been completed. BLACK'S LAW DICTIONARY 424 (5th ed. 1979). Two factual situations give rise to a suit by a landowner for damages against a condemning authority. One situation is where the authority does not condemn the property but nevertheless appropriates it for public use. Another situation is where the authority does not condemn the property for public use, but, as a direct consequence of an improvement, the land is damaged. *State ex rel. State Highway Commission v. Swink,* 537 S.W.2d 556, 558 (Mo.1976) (en banc).

An easement is a property right. *Link v. St. Louis—San Francisco Railway Co.,* 556 S.W.2d 714, 716 (Mo.App.1977). Plaintiffs contend that they are entitled to a common law abutter's easement of access. Previous Missouri appellate opinions have recognized the existence of an easement of access for owners of land abutting public roads or highways. *See e.g. Rude v. City of St. Louis,* 93 Mo. 408, 6 S.W. 257, 258 (1887); *State ex rel. State Highway Commission v. Brockfeld,* 388 S.W.2d 862, 864 (Mo.1965) (en banc) ("Of course, a complete blocking of an abutter's access takes from him a property right in the nature of an easement and this requires resort to eminent domain.").

The Highway Department counters that the plaintiffs are not entitled to the easement because their land does not abut the highway. The defendant bases this argument on the assumption that the Railroad's right-of-way separates that part of the plaintiff's property whence they seek access from that part of the property that abuts the highway. Because the separated property does not abut the highway, the department contends, the plaintiffs are not entitled to abutter's rights.

This argument is flawed because it misstates the nature of a right-of-way. The Railroad's right-of-way is property in the nature of an easement that will be retained by the Railroad only so long as it is used for railroad purposes. *G.M. Morris Boat Co. v. Bishop,* 631 S.W.2d 84, 88 (Mo.App.1982). The fee title to the right-of-way remains in the owners of the tract. Therefore, although Missouri Pacific's right-of-way physically lies between some of the plaintiffs' land and the highway, it does not sever the ownership of the tract. Because of the unity of ownership in the right-of-way and the two parcels separated by the right-of-way, the plaintiffs' property abuts Noland Road.

The abutter's rights depend on the facts and circumstances of each case. *State ex rel. State Highway Commission v. Meier,* 388 S.W.2d 855, 859 (Mo.1965) (en banc). The record reveals that the Dulanys' property is not land-locked. An entrance to 53rd Street exists on the west side of the property. The eastern edge of the property abuts Noland Road. Because of the obstruction created by the Railroad's right-of-way, the plaintiffs' only direct access to Noland Road from their property was the private roadway under the railroad bridge. This roadway had been in existence since the 1946 decree. The defendant Highway Department eliminated this means of access when it constructed the guardrail across the roadway.

The elimination of the plaintiffs' private access to Noland Road distinguishes this case from *State ex rel. State Highway Commission v. Brockfeld, supra,* and *State ex rel. State Highway Commission v. Meier, supra. Brockfeld* and *Meier* were decided as companion cases. The court held that the plaintiffs in those cases were not entitled to damages for circuity of access. The substance of the plaintiffs' complaints was that when the highway commission turned the highways into limited access highways, it diverted traffic from the plaintiffs' businesses. The commission provided the plaintiffs with access to the highway via outer roads running parallel to the highway. Other owners of property abutting the highway and other users of the highway were similarly restricted from entering the highway except at designated points along the outer road. The plaintiffs' injury was no different in kind from that suffered by other users of the highway.

It was, therefore, not a compensable injury.

For the plaintiffs in the present case to recover they must show an injury different in kind from that suffered by other users of Noland Road. The Highway Department installed a guardrail that blocked the plaintiff's private entrance to Noland Road. The Highway Department's erection of a guardrail has not transformed Noland Road into a limited access highway for anyone but the Dulanys. Because the Dulanys were the only ones harmed by the defendant's action, their injury is unique.

The 53rd Street entry on the other side of the property existed before the department's action. The alternative access provided by this entry is more like the service roads described in the *Brockfeld* dissent. Judge Finch noted that Highway Commission policy differentiated between outer roads and service roads. Outer roads remained on the original right-of-way, but service roads were constructed on a path deviating from the original right-of-way. The commission did not compensate property owners who retained access to the original right-of-way. However, the commission determined that those who were placed on service roads had lost access to the highway and were entitled to compensation.

Judge Finch argued that this was an artificial distinction, and that both classes of landowners should be compensated. *Brockfeld*, 388 S.W.2d at 867. Nevertheless, the court upheld the distinction by holding that the landowners *who retained access to the right-of-way* were not entitled to compensation, because their injury was common to all other users of the right-of-way. *Id.* at 864.

■ The Dulanys' injury however, is, unique. The guardrail cut off their private access to the Noland Road right-of-way. Although the Dulanys retained a separate entry to 53rd Street, this did not mean that their injury was not unique. Because the common injury doctrine does not apply to this case, the holdings in *Brockfeld* and *Meier* do not preclude recovery for the plaintiffs' injury. Whether the loss of their easement to Noland Road denied the Dula-

neys reasonable access to the highway remains a question for the jury. *State ex rel. State Highway Commission v. Zahn*, 633 S.W.2d 185, 192 (Mo.App.1982) (owners compensated when highway commission severed existing easement). Therefore, summary judgment was inappropriate in this case.

■ The plaintiffs rely on the 1946 decree to establish their rights against defendant Missouri Pacific Railroad. In their petition the plaintiffs admit that the Railroad built the roadway. This is all that the decree required. The Railroad, having fulfilled its obligations under the decree, owes no further duty to the Dulanys. Therefore, the plaintiffs have failed to state a claim against the Railroad, and the trial court properly dismissed the claim.

For the foregoing reasons, we affirm the dismissal of the plaintiff's claim against Missouri Pacific Railroad and reverse the decision granting summary judgement to the Missouri State Highway and Transportation Department and remand the case to the circuit court for further proceedings.

All concur.