STATE of Missouri, ex rel., UNION
ELECTRIC COMPANY, Relator,

v.

Honorable Michael F. GODFREY, Judge
Of The Circuit Court Of The City Of
St. Louis, Respondent.

No. 65467.

Supreme Court of Missouri,
En Banc.

July 17, 1984.

Richard D. Schreiber, John J. Mohan, St. Louis, for relator.

Samuel C. Ebling, Robert D. Litz, David T. Hamilton, St. Louis, for respondent.

RENDLEN, Chief Justice.

This prohibition proceeding rises from an action in condemnation. Relator Union Electric Company determined early in the 1980's that growing electric power demand in the downtown St. Louis area required a new bulk electric substation for its system and a substation site, accessible to the existing power supply and a new high voltage transmission line then under construction, was selected. Unsuccessful in its attempts to purchase the desired properties, relator under Chapter 523, RSMo 1978 [1] filed petition to condemn on April 26, 1982.

In its petition, relator named, as required by § 523.010.1, the owners of record revealed by title search and also named

Such unknown person, persons or corporation as may derive or claim to derive their title or claim as consorts, husband, wife, heirs, grantees, successors, assigns, lessees or devisees of the persons named in this petition ....

Service was obtained upon the record owners under the terms of § 523.030,[2] and

[1] All statutory references are to RSMo 1978 unless otherwise noted. By § 523.010.1, the legislature has delegated the power of eminent domain to "any electrical corporation" organized for the manufacture or transmission of electric current. When the corporation and the owners cannot agree upon the proper compensation to be paid, the company may petition the court, alleging, *inter alia*, "the names of the owners [of the property], if known or if unknown; [and] a pertinent description of the property whose owners are unknown...." *See* Rule 86.04.

[2] Section 523.030 provides either for personal service or, if the name or residence of the owner is unknown, notice by publication. *See* Rule 86.05. In the instant case service was by publication on the "unknown" parties and the five children of John R. Slay, Jr., whose addresses had not been located.

following hearing, an order of condemnation was entered September 16, 1982. Commissioners, appointed pursuant to § 523.040, made their report to which the parties filed exceptions challenging the award, *see* Rule 86.08; trial of those exceptions is pending. The $166,855.25 commissioners' award was paid into the court's registry January 18, 1983, and thereafter relator took possession of the property.

On May 5 of that year, the record owners moved for distribution of the award and though that motion was called, it has not been ruled; instead on June 22, certain of the owners moved to vacate the order of condemnation on the grounds no attorney had been appointed by the court to represent the "unknown" defendants.

Several months later respondent, the Hon. Michael F. Godfrey, advised the parties of his intention to vacate the order of condemnation unless prohibited, stating he perceived two alleged procedural shortcomings in the original proceedings: (1) the failure to appoint a guardian ad litem for those "unknown" persons named in relator's petition, notwithstanding the fact that such "unknowns" had been served by publication pursuant to Rule 86.05 and none had appeared or responded, and (2) the failure to name or join the husbands of certain married defendants in the petition. *See* § 523.010.2. Respondent found these procedural "defects" rose to the level of denial of "due process" rendering the condemnation order void. This Court's preliminary rule in prohibition directed to respondent is now made permanent.

Defendants speaking for respondent urge that Rule 54.17(f) [3] requires the court to appoint counsel to represent the "unknown" persons, and § 523.010.2 requires that when the land of married women is affected, their husbands must be specifically named parties defendant and failure to comply with these requirements renders the order of taking void. Relator counters

that neither appointment of a guardian ad litem nor joining the husbands of married women fee owners is a jurisdictional requirement in condemnation proceedings.

◼ It is not the law in Missouri that husbands of married women fee owners must be sought out and specifically identified in condemnation cases as a jurisdictional requirement or that a guardian ad litem must be appointed in every case for alleged "unknowns." Chapter 523, providing the general framework for condemnation proceedings, reveals a special statutory scheme with procedures applicable only to such proceedings. *State ex rel. Washington University Medical Center Redevelopment Corp. v. Gaertner*, 626 S.W.2d 373, 376 (Mo. banc 1982); *Conduit Industrial Redevelopment Corp. v. Luebke*, 397 S.W.2d 671, 673 (Mo.1965). The condemnation proceeding, an action in rem, *State ex rel. Washington University, supra* at 375, is a single proceeding with two intimately related parts. When the order of condemnation is entered, the substantive rights of the parties with respect to ownership of the property are determined and the obligation of the condemnee to surrender the property upon payment of damages becomes binding. *Washington University Medical Center Redevelopment Corp. v. Komen*, 637 S.W.2d 51, 54 (Mo.App.1983). The judgment does not become final and appealable, however, until all exceptions are determined and the commissioners' report finally approved. *State ex rel. City of St. Louis v. Oakley*, 188 S.W.2d 820 (Mo. banc 1945); *State ex rel. State Highway Commission v. Hammel*, 290 S.W.2d 113 (Mo. 1956). Here the rights of the parties with respect to ownership have been determined. Defendants have admitted they are the *sole* owners of record and title has vested in relator upon determination of the parties' substantive rights and payment of the commissioners' award into the registry of the court. *See State ex rel. Wash-*

---

**3.** Rule 54 is the general rule relating to "Issuance and service of summons or other process in civil actions." Subsection 17(f) provides:

When unborn or unknown parties default, the court shall appoint counsel to represent them. The court shall allow such counsel a reasonable fee to be taxed as costs.

*ington University, supra* at 375 *and* cases cited therein; *State ex rel. State Highway Commission v. Volk,* 611 S.W.2d 255 (Mo. App.1980); *State ex rel. State Highway Commission v. Hackett,* 370 S.W.2d 712 (Mo.App.1963). The only issue remaining is that of damages for the taking. *See* Rule 86.08.

▮ A collateral objection to the judgment of condemnation will not lie unless a judgment is void upon the face of the record. *Caruthersville School Dist., No. 18 v. Latshaw,* 233 S.W.2d 6 (Mo.1950).

> The validity of a judgment is not to be determined from the face of the judgment alone, but from an examination of the record or "record proper." Such a record includes, among other things, the petition and subsequent pleadings. It includes, generally, "those matters which, by positive law, or by rule of practice, are made 'of record,' and as such are self-preserving...."

*Id.* at 9. Where the record proper shows— as in this case—that the court has jurisdiction of the res and has before it all record landowners,[4] complaints regarding these matters are not cognizable upon collateral objection, *see Thompson v. Chicago, S.F. & C. Ry. Co.,* 110 Mo. 147, 19 S.W. 77, 80 (1892):

> In the case at bar there is no pretense that the court did not have jurisdiction of

the res. All the necessary jurisdictional averments were made in the petition .... [T]he only question the landowner could contest was the amount of compensation awarded him.

Any objection defendants might have advanced should have been lodged in response to the petition in condemnation or, at least, prior to the filing of their exceptions and payment of the commissioners' award into the registry.

▮ In effect, respondent here refuses to try the issue of damages on the exceptions filed or to distribute the commissioners' award upon motion of the record owners because he has entertained certain defendants' collateral objection to the condemnation order based upon alleged procedural defects. *See State ex rel. State Highway Commission v. Curtis,* 222 S.W.2d 64 (Mo. banc 1949). Respondent is without authority to declare the condemnation order void upon this collateral attack following the filing of exceptions when the record shows no irregularity. *See* Rule 86.08 *and Curtis, supra.* The condemnation order is not void upon the face of the record and respondent mistakenly attempts to engraft rules upon condemnation practice in excess of Chapter 523 and Rule 86.[5]

▮ In its petition relator has named the husbands as "unknowns" as permitted by § 523.010.1 and it has complied with

---

4. *See* nn. 1 & 2 *supra.* Relator's designation in its petition of "unknowns" and service by publication on "unknowns" demonstrated an abundance of caution in an effort to give notice to and join all necessary parties and comply with §§ 523.010.1 and 523.010.2. Because no "unknowns" have come forward does not mean that a "default" has occurred requiring appointment of counsel on the *mere possibility* the land may have had an unknown owner somewhere in the wings. The general Rule 54.17(f) type "default" rule is not controlling here.

All substantive rights in the property have been adjudicated. Defendants have admitted they are the sole record owners. If any "unknown" exists "his interest shall not be bound by the proceedings" wherein he was not a party. Rule 86.03.

5. *See* n. 4 *supra.*

Our present Rule 86.03 tracks § 523.010.3. That statutory section determines the necessary

party defendants to a condemnation proceeding. Only those persons either in actual possession or having title appearing of record are necessary parties and, under Rule 86.03, there is no requirement to bring others into the proceedings. *Millhouse v. Drainage Dist. No. 48 of Dunklin County,* 304 S.W.2d 54 (Mo.App.1957).

If the land of married women is affected by condemnation, § 523.010.2 does provide for making their husbands parties defendant. This section does not, however, designate husbands as necessary parties to the condemnation proceeding when husbands are neither record owners nor in actual possession of the premises and claim title. Relator argues if § 523.010.2 is construed in the manner respondent urges, an "equal protection" problem would arise. Because we do not construe § 523.010.2 in such manner we need not reach the "equal protection" claim.

§ 523.010.2 by making the husbands named as "unknowns" parties defendant. Nothing more is required by Chapter 523. The husbands need not be specifically identified and no guardian need be appointed for such "unknowns" not owners of record. Relator's petition and this condemnation proceeding satisfy the statutes and the rules. Respondent is without authority to require more and exceeds his jurisdiction by declaring the original proceeding void in this untimely collateral proceeding.

The preliminary rule in prohibition is made permanent.

All concur.