**L & T INVESTMENT CORPORATION, et al., Plaintiff/Appellant,**

**v.**

**STATE of Missouri, ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Defendant/Respondent.**

Nos. 68805, 69069.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 28, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1996.

Application to Transfer Denied
Sept. 17, 1996.

J.B. Carter, Kirkwood, for appellant.

Kim R. Reid, Chesterfield, for respondent.

CRAHAN, Presiding Judge.

Plaintiff L & T Investment Corporation ("L & T") appeals the judgment entered following a directed verdict in favor of Defendant Missouri Highway and Transportation Commission ("Commission") in an inverse condemnation action. We affirm.

▮ In considering the propriety of a directed verdict, we view the evidence and permissible inferences in the light most favorable to the plaintiff, disregarding contrary evidence and inferences and determine whether based on that evidence the plaintiff made a submissible case. *Friend v. Holman,* 888 S.W.2d 369, 371 (Mo.App.1994).

This dispute arose out of the redesign and construction of the intersection of Broadway and Kingston streets in St. Louis County, Missouri. L & T's property consists of 4.36 acres of undeveloped land located on the east side of Broadway. The property is bounded to the east by Joplin Avenue, to the west by the right of way for Broadway, to the north by other properties and to the south by the dedicated right of way for a public street known as Ellen Avenue.

Prior to construction of the new interchange, L & T had 131.5 feet of frontage parallel to Broadway. L & T had access to Broadway along this entire length, although no driveways or other entrances had been built. The new interchange redirected Broadway somewhat to the west in a curve such that L & T's property no longer directly aligns with Broadway, though it does still align with the right of way for Broadway. Prior to the reconstruction, there was also a concrete curb cut or lipped entrance built by St. Louis County which opened off Broadway and on to the Ellen Avenue right of way. This entrance was removed in 1991 when Broadway was repositioned, and access to

the Ellen Avenue right of way from Broadway was eliminated.

On May 15, 1992, L & T filed a petition for damages (inverse condemnation) against Commission in circuit court alleging there was a taking and damaging of L & T's property due to the removal of the entrance to Ellen Avenue and the taking of access to Broadway. Trial commenced on April 24, 1995. Commission's motion for a directed verdict at the conclusion of L & T's case was granted. This appeal followed.

▮ L & T first argues the directed verdict in favor of Commission was error because access rights were taken from L & T's property and the jury was entitled to determine the reasonableness of its loss and the resulting damages. Inverse condemnation is a cause of action against a governmental agency to recover the value of property taken by the agency, though no formal exercise of the power of eminent domain has been completed. *Dulany v. Missouri Pacific R. Co.,* 766 S.W.2d 645, 648 (Mo.App.1988). Two factual situations give rise to a suit by a landowner for damages against a condemning authority: (1) the authority does not condemn the property but nevertheless appropriates it for public use; (2) the authority does not condemn the property for public use, but, as a direct consequence of an improvement, the land is damaged. *Id.* Both parties to the present action agree that there has been no appropriation of L & T's property. This dispute is about L & T's access to Broadway.

▮ A property owner has a right of ingress and egress to and from his property and an abutting public highway including the right to connect with or reach the system of public highways, but that right is subject to reasonable restrictions under the police power of the state in protecting the public and facilitating traffic flow. *State ex rel. State Highway Comm'n v. Meier,* 388 S.W.2d 855, 857 (Mo. banc 1965), *cert. denied,* 382 U.S. 846, 86 S.Ct. 79, 15 L.Ed.2d 86 (1965). The right of an abutting owner to access a public street or highway is a property right and an interest in land which cannot be taken by condemnation without payment therefore. *Id.* at 859. However the right of ingress and

egress does not extend to every foot of the condemnee's frontage. Under the police power of the State the right may be limited to a reasonable access under the existing facts and circumstances. *Id.*

In the instant case, L & T applied for a permit for an entrance on to Broadway at Ellen Avenue in March 1992, which was denied. Instead, Commission recommended an alternative location for access to Broadway, a 30 foot entrance at the northwesterly corner of the property on the Broadway frontage where the property comes closest to Broadway as repositioned. L & T eventually applied for and was given a permit for access at this location. L & T no longer has access to Broadway along its entire frontage; however, L & T still enjoys the right to ingress and egress onto Broadway through the access granted at the northwest end of the Broadway frontage. Although L & T's direct access to Broadway has been reduced, access to the general system of streets and highways has not been destroyed or substantially impaired. *See Filger v. State Highway Comm'n,* 355 S.W.2d 425 (Mo.App.1962).

Nor has L & T been damaged by the closure of the Broadway entrance to Ellen Avenue. When access to property is cut off in one direction by the vacation or closing of a street upon which it abuts but may be had in the other direction, the property is not taken or damaged. *Christy v. Chicago, B. & Q. R.Co.,* 240 Mo.App. 632, 212 S.W.2d 476, 479 (1948). Here, though the entrance to Ellen Avenue at Broadway has been removed, the Ellen Avenue right of way has not been vacated and L & T's property continues to have direct access to it along the entire length of its Ellen Avenue frontage. Access to Joplin street to the east is possible along Ellen Avenue if two fences which have been erected over the right of way are removed. Therefore, L & T has not been damaged by the limitations placed on its access to Broadway or by the removal of the entrance to Ellen Avenue. *See, Christy,* supra.

Further, a condemnee may not recover for such injuries, damages and inconveniences as are common to other members of the public, including other neighborhood landowners, portions of whose land has not been taken. *State v. Meier,* 388 S.W.2d at 858; *State ex rel., Missouri Highway and Transportation Comm'n v. Mertz,* 778 S.W.2d 366, 368 (Mo.App.1989). A condemnee may only recover for such items of damages as are special to him. *Meier,* 388 S.W.2d at 859. The removal of the entrance to Ellen Avenue has resulted in no harm to L & T which is in any way different from that suffered by other neighboring properties which abut Ellen Avenue. To the extent that L & T cannot gain entrance to Broadway from Ellen Avenue, the loss is the same as that of the general travelling public.

L & T's contention that the reasonableness of access is a question for the jury finds no support in the case law. L & T's best case, *Rogers v. Brockland,* 889 S.W.2d 827 (Mo. banc 1994), is inapplicable. That case deals with vacation of an entire private road pursuant to statute. In the present case, the Ellen Avenue right of way is not a private road and has not been vacated in any event; only the entrance to the Ellen Avenue right of way has been removed. *Rogers v. Brockland* does not require that the reasonableness of access be determined by the trier of fact. The other cases cited by L & T say nothing about this issue, and in fact, support the conclusion that a directed verdict was proper in this case. Because L & T was unable to show it suffered any compensable damages, it did not make a submissible case and the court below did not err in directing a verdict for Commission.

We have reviewed L & T's remaining claims of error and find them to be without merit. A lengthy discussion of those points would have no precedential value. Rule 84.16(b). For the foregoing reasons the directed verdict in favor of Commission is affirmed.

CRANDALL and DOWD, JJ., concur.