MISSOURI REAL ESTATE AND INSUR-
ANCE AGENCY, INC., a Missouri Cor-
poration, Plaintiff/Appellant,

v.

ST. LOUIS COUNTY, Missouri,
Defendant/Respondent.

No. 72836.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 11, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 15, 1998.

Application for Transfer Denied
Feb. 24, 1998.

Paul Ferber, St. Louis, for plaintiff/appellant.

John Ross, Patricia Redington, Clayton, for defendant/respondent.

CRANDALL, Judge.

Plaintiff, Missouri Real Estate and Insurance Agency, Inc., appeals from the dismissal with prejudice of its action against defendant, St. Louis County, Missouri (the County), for failure to state a claim upon which relief can be granted. We affirm.

█ On appeal, our review of a motion to dismiss for failure to state a claim requires that we consider the pleadings, allowing them their broadest intendment and treating all facts alleged as true, and determine whether the petition invokes substantive principles of law. *Hyatt v. Trans World Airlines, Inc.*, 943 S.W.2d 292, 295 (Mo. App. E.D.1997). Count I of plaintiff's petition sought monetary damages from the County for the inverse condemnation of two properties owned by plaintiff and known as 14–16 and 18–20 South Central Avenue in Clayton, Missouri (hereinafter Central properties). Plaintiff alleged that the County, in a previous condemnation action, had acquired another piece of property known as 7811 Carondelet Avenue in Clayton, Missouri (hereinafter Carondelet property) from plaintiff. The Carondelet property had a parking garage located thereon which provided parking for the Central properties. As a result of the prior condemnation, there was a loss of parking for the Central properties and the County closed a portion of the alley thereby denying access to the rear of the Central properties. In Count II, plaintiff alleged that the County made false representations and withheld information at the time of the previous condemnation proceeding and plaintiff sought return of the Carondelet property and a prohibition against the County's selling it. ·

The County filed a motion to dismiss alleging that the petition failed to state a claim upon which relief can be granted and that the action was barred by the res judicata effect of the previous condemnation action. The trial court dismissed plaintiff's cause of action with prejudice, but did not state the reason for doing so. On appeal, we presume dismissal was on one or more of the grounds specified in the County's motion. *Terre Du Lac Ass'n, Inc. v. Terre Du Lac, Inc.*, 737 S.W.2d 206, 211 (Mo.App.1987).

In its first point on appeal, plaintiff contends the trial court erred in dismissing its petition for failure to state a claim upon which relief can be granted. We first address plaintiff's Count I for inverse condemnation based on the closing of the alley and the loss of parking, both allegedly the results of the prior condemnation of the Carondelet property.

█ Inverse condemnation is a cause of action against a governmental agency to recover the value of property taken by the agency, though no formal exercise of the power of eminent domain has been completed. *L & T Inv. Corp. v. State ex rel. Missouri Highway and Transp. Com'n.*, 927 S.W.2d 509, 510 (Mo.App. E.D.1996). Two factual situations give rise to a suit by a landowner for damages against a condemning authority: (1) the authority does not condemn the property but nevertheless appropriates it for public use; (2) the authority does not condemn the property for public use, but, as a direct consequence of an improvement, the land is damaged. *Id.*

█ With regard to the County's closure of the alley, a property owner has a right of ingress to and egress from his property and an abutting public highway, including the right to connect with or reach the system of public highways; but that right is subject to reasonable restrictions under the police power of the State in protecting the public and in facilitating traffic flow. *Id.* The right of an abutting owner to access a public street or highway is a property right and an interest in land which cannot be taken by condemnation without payment therefor. *Id.* The right of ingress and egress, however, does not extend to every foot of the con-

demnee's property. *Id.* at 511. Under the police power of the State the right may be limited to reasonable access under the existing facts and circumstances. *Id.*

Here, plaintiff pleaded that the County "undertook and did in fact close the . . . alleyway so as to prohibit Plaintiff herein from having access from said alleyway to the rear of Plaintiff's propert[ies] . . . ." and that the County's actions "constitute[d] and continue to constitute the taking of legal rights of the Plaintiff including . . . the taking of certain access rights by virtue of the closing of the . . . alleyway. . . ." Thus, although plaintiff pleaded that it no longer had access to the rear of its Central properties, it did not plead that it was denied the right to access its properties through the front of its properties or by any other means. Although the allegations in the petition indicated that access to the Central properties was reduced, the allegations do not demonstrate that access to the Central properties was either destroyed or substantially impaired. When access to property is cut off in one direction by the closing of a street upon which it abuts but may be had in the other direction, the property is not taken or damaged. *Id.* The limitations placed on the access to the Central properties by the closure of the alley, as pleaded, do not establish that plaintiff was damaged. *See id.* (although access to a certain street reduced, access to the general system of streets and highways has not been destroyed or substantially impaired and the plaintiff was not damaged). Therefore, plaintiff has not pleaded sufficient facts to establish that the closing of the alley constituted inverse condemnation and has failed to state a cause of action.

In addition, plaintiff's allegations that both the closure of the alley and the reduction in parking as a result of the County's taking of the Carondelet property created a cause of action for inverse condemnation of the Central properties invoke the doctrine of res judicata. With regard to the loss of parking, plaintiff alleged that the parking garage located on the Carondelet property "provided parking for the Plaintiff's buildings" on the Central properties and that in the previous condemnation action plaintiff "was prohibited from claiming damages" to the Central properties, which damages "were attributable to the loss of parking resulting from the . . . condemnation suit. . . ." Plaintiff further alleged that the County's actions with regard to the Central properties constituted "the taking of legal rights of the Plaintiff including the taking of available parking. . . ."

The County raised the doctrine of res judicata in its motion to dismiss as an affirmative defense to plaintiff's cause of action, which in essence is a claim that plaintiff has failed to state a claim upon which relief can be granted. *See Terre Du Lac,* 737 S.W.2d at 212. When a motion to dismiss is predicated on res judicata, the trial court may take judicial notice of the prior judgment. *Id.*

The doctrine of res judicata takes on the character of the rule against splitting a cause of action, because both res judicata and splitting a cause of action are designed to prevent a multiplicity of lawsuits. *Lay v. Lay,* 912 S.W.2d 466, 471–472 (Mo. banc 1995). A cause of action which is single may not be split and either filed or tried piecemeal; and the penalty for splitting a cause of action is that an adjudication on the merits in the first action is a bar to the second action. *Id.* at 472. The doctrine of res judicata bars a claim if the following elements are satisfied: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or status of the person for or against whom the claim is made. *Jordan v. Kansas City,* 929 S.W.2d 882, 886 (Mo.App. W.D.1996). In the instant action, the first element is satisfied because the thing sued for in both actions was monetary damages arising out of the same set of facts; namely, the condemnation of the Carondelet property.

The second element that must be present for res judicata to apply is the identity of the cause of action. In order to have identity of the cause of action, the actions do not have to be identical, but the claims must have arisen out of the "same act, contract, or transaction." *Id.* The term "transaction" is

broadly construed and includes all the facts and circumstances which constitute the foundation of a claim. *Id.* Res judicata provides that, where two actions are on the same cause of action, the earlier judgment is conclusive not only as to matters actually determined in the prior action, but also as to other matters which could properly have been raised and determined therein. *Terre Du Lac,* 737 S.W.2d at 212.

In the present action, plaintiff alleged damages to the Central properties as a result of the loss of parking and the closing of the alley occasioned by the condemnation of the Carondelet property in the prior action. The County compensated plaintiff for damages sustained as a result of the taking of the Carondelet property in the prior condemnation action. In the instant action, plaintiff alleged no new invasion or taking on which to premise its inverse condemnation action other than the taking of the Carondelet property. Plaintiff's claim for damages to the Central properties arose out of the same facts and circumstances which constituted the foundation of plaintiff's claim for the County's taking of the Carondelet property. Plaintiff could have brought all these claims in the prior action involving the condemnation of the Carondelet property. Thus, the second element, the identity of the cause of action, is satisfied here.

The third element which must be present is the identity of the persons or parties to the action. Here, the parties to the present action were plaintiff and the County, the same parties to the prior condemnation action. The third element is satisfied.

The fourth element, the identity of the quality of the person for or against whom the claims are made, is also satisfied here. The status in which the County was sued was the same in both actions. Plaintiff's status did not change from the first action to the present action.

The four identities are present for the doctrine of res judicata to apply. Plaintiff's failure to litigate the issue of damages to the Central properties resulting from the condemnation of the Carondelet property in the prior action bars it from relitigating that issue in the present action.

Plaintiff alleges in its petition that the trial court in the prior condemnation action prohibited it from presenting evidence about damages to the Central properties resulting from the County's taking of the Carondelet property. Any claim of error regarding a ruling made by the trial court in the prior proceeding should have been raised in an appeal from the judgment entered in prior action and not challenged by a subsequent, separate action. Plaintiff's failure to appeal from the ruling in the prior action makes that ruling final and the doctrine of res judicata precludes plaintiff from relitigating the same issue in a second action. *See Boswell v. American Ins. Co.,* 835 S.W.2d 454, 458 (Mo. App. S.D.1992).

Plaintiff claims that the record does not reflect that the trial court either took judicial notice of, or reviewed the judgment entered in, the prior condemnation action when it granted the County's motion to dismiss. Here, however, plaintiff's own petition set forth the following specific allegations regarding the prior condemnation action: that there was a prior condemnation action, Cause No. 665528, by which the County acquired the Carondelet property; that a parking garage located on that property was acquired by the County; that "as a result of the aforementioned condemnation suit," the County closed the alley and prohibited access to the Central properties; and finally, that "in the course of the trial of the above-styled condemnation suit, being Cause No. 665528, Plaintiff herein was prohibited from claiming damages to the property Plaintiff owns at … Central Avenue … which said damages were attributable to the loss of parking … and … closing of the alleyway…." Plaintiff's own petition explained the nature of the claims and the ultimate judgment in the prior condemnation action, such that the trial court could determine the preclusive effects of the prior judgment on the present action. While it would have been better practice for the trial court to take judicial notice of the record of the prior proceeding which involved the same parties, the same basic facts, and the same general claims for relief, *see, e.g., Hardin v. Hardin,* 512 S.W.2d 851, 854 (Mo. App., 1974), the prior proceeding was ade-

quately before the trial court. The doctrine of res judicata barred the instant action and plaintiff's petition failed to state a claim for inverse condemnation based on the prior condemnation of the Carondelet property. The trial court did not err in dismissing Count I of plaintiff's petition.

Plaintiff also asserts the trial court erred in dismissing Count II. The allegations in that count provided in relevant part:

2. That [the County] in obtaining the Order of Condemnation ... represented to this Plaintiff and to the Court that [it] was acquiring this Plaintiff's property ... for the purposes of using [it] ... for a 'site for Justice Center staging and for parking and any other public purpose'.

3. Based upon the foregoing representation by [the County], the [Court] entered it's [sic] Order of Condemnation, condemning this Plaintiff's [Carondelet property].

4. This Plaintiff has discovered that the representations of [the County] as above set out were in fact not proper representations in that this Plaintiff has determined that prior to the Order of Condemnation and subsequent to the Order of Condemnation ... [the County] and the City of Clayton, Missouri had entered into an agreement whereby upon completion of the construction of the Justice Center ... that the property of this Plaintiff ... would be resold for a private development.

5. The information described in paragraph 4 above, was withheld from the Court at the time of the entry of the Order of Condemnation, ... and had the true facts been known to the Court at that time, the uses for which [the County] condemned said property ... would have been limited to a temporary easement to last during the period of construction of the Justice Center and thereafter revert to the Plaintiff herein.

\*  \*  \*  \*  \*  \*

7. The Plaintiff herein has since discovered information that [the County] is negotiating to sell the Plaintiff's [Carondelet property] to a private user for private development purposes, notwithstanding that Plaintiff herein continues to claim that

upon completion of construction of the Justice Center, the [Carondelet property] shall revert to the Plaintiff herein.

8. That the actions of [the County] in withholding the information above-described from the Court when [the County] sought its Order of Condemnation ... constitutes a misrepresentation to the Court, ... upon which said Court acted in entering its Order of Condemnation....

9. The action of [the County] resulted in this Plaintiff's office building being demolished and resulted in the demolition of this Plaintiff's parking structure and resulting in the deprivation of this Plaintiff for the use of parking spaces for its contiguous [Central properties]....

10. That although Plaintiff herein received certain compensation ... said compensation did not include any compensation for the damages to the Plaintiff's [Central properties],....

11. The action of [the County] ... constituted a misrepresentation to this Plaintiff as well as a misrepresentation to the Court.... As a result thereof, the [Carondelet property] should be returned to the Plaintiff herein upon completion of construction of the Justice Center and [the County] be prohibited from selling this Plaintiff's [Carondelet property] to any private user.

Plaintiff characterizes its claim as an action for declaratory relief, arguing that its action is not "challenging the Order of Condemnation but rather [is] an attempt to interpret what legal rights St. Louis County, Missouri acquired in the Order of Condemnation." We do not agree with plaintiff's characterization of its claim. Plaintiff did not style the claim a declaratory judgment action. The prayer did not request declaratory relief, but asked the court to enter an order that the property revert to plaintiff and that the County be prohibited from selling plaintiff's land to a private developer. In addition, the above-quoted allegations in the petition indicated, not that the parties were unsure of the rights the County received in the condemnation action, but rather that the trial court's order of condemnation *would* have been different "had the true facts been known to the Court." It is clear from plaintiff's petition that plaintiff sought to have the order of condemnation set aside and a differ-

ent order of condemnation entered by the trial court. There is nothing in the petition to support plaintiff's assertion that Count II was a declaratory judgment action and we decline to review it as such.

Plaintiff's contention that this claim is not one for relief from the order of condemnation is also without merit. Plaintiff's petition sought relief from the judgment of condemnation on the basis of the County's misrepresentation that it was going to use the Carondelet property for Justice Center staging and parking during construction and for "any other public purpose" when, at all times pertinent to the condemnation proceeding, the County intended to sell it to a private developer, a fact it did not disclose to plaintiff or the trial court.

A collateral objection to the judgment of condemnation will not lie unless a judgment is void upon the face of the record. *State ex rel. Union Elec. Co. v. Godfrey*, 673 S.W.2d 14, 17 (Mo. banc 1984). The validity of a judgment is determined, not from the face of the judgment alone, but from an examination of the record. *Id.* Where the record shows that the court had jurisdiction over the res and had before it the record landowners, complaints regarding the judgment of condemnation are not cognizable upon collateral objection. *Id.* In the case before us, there were no allegations in plaintiff's petition that the judgment was void on its face, that the court did not have jurisdiction over the res, or that the record landowners were not before the court. Thus, plaintiff did not plead sufficient facts to collaterally attack the previous order of condemnation.

Plaintiff asserts that it was entitled to collaterally attack[1] the order of condemnation on the basis of the County's misrepresentations. The County's actions which allegedly constituted the misrepresentations were the County's representation that it was going to use the Carondelet property for a "public purpose" and the County's failure to disclose that it intended to sell the Caronde-

let property to a private developer. Assuming, without deciding, that plaintiff may question the order of condemnation on the basis of those alleged misrepresentations, plaintiff must plead each element of misrepresentation in order to state a cause of action. *See, e..g., Bramon v. U–Haul, Inc.*, 945 S.W.2d 676, 683 (Mo.App. E.D.1997) (plaintiff must plead every element of fraudulent misrepresentation); *Thoroughbred Ford, Inc. v. Ford Motor Co.*, 908 S.W.2d 719, 732 (Mo.App. E.D.1995) (failure to disclose may serve as substitute for the false representation element, but plaintiff still has the burden to plead and prove every other element of fraudulent misrepresentation). Whether plaintiff's claim of misrepresentation is premised on the County's false representations or on its silence is irrelevant, because plaintiff failed to plead that it relied on the County's representations in acquiescing to the order of condemnation, an essential element under either theory of recovery. Thus, plaintiff failed to plead a cause of action for misrepresentation and the trial court properly dismissed Count II of plaintiff's petition for failure to state a claim upon which relief can be granted. Plaintiff's first point is denied.

In its second point, plaintiff contends the trial court erred in dismissing its action on the basis of res judicata because the trial court did not have before it the record or ruling of the prior condemnation proceedings. In view of our discussion under the first point that plaintiff adequately pleaded the nature of the action and the ruling thereon in the prior condemnation proceeding, there is no need to address this point on appeal.

The judgment of the trial court is affirmed.[2]

AHRENS, P.J., and KAROHL, J., concur.

---

1. Rule 74.06 also affords a mechanism for parties to seek relief from a judgment for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party...." Rule 74.06(b). The present claim, however, was denominated a "Petition" and was not a motion.

2. The County's motion to dismiss plaintiff's appeal for the failure of the points relied on to comply with the "wherein and why" requirement of Rule 84.04(d) is denied.