**Roger T. ALLEN, John Bennett, C.L. McClure, John Molloy, and Oscar Witte, Appellants,**

**v.**

**CITY OF GREENVILLE, MISSOURI, Respondent.**

**No. SD 30594.**

Missouri Court of Appeals, Southern District, Division One.

March 23, 2011.

Wallace L. Duncan, Duncan & Pierce, Poplar Bluff, for Appellant.

Benjamin E. Thompson, Hackworth, Ferguson & Thompson, LLC, Piedmont, for Respondent.

ROBERT S. BARNEY, Presiding Judge.

Roger T. Allen, John Bennett, C.L. McClure, John Molloy, and Oscar Witte (collectively "Appellants") appeal the trial court's grant of a motion to dismiss filed by the City of Greenville, Missouri ("the City"), which disposed of their petition for an injunction, declaratory judgment, and damages in connection with a city ordinance prohibiting Appellants from parking in front of their properties on Maple Street. We affirm.

The record reveals Appellants are residents of the City and that they have owned property on Maple Street in the City for several years. For a number of years Appellants have apparently parked their vehicles along "the edge" of Maple Street in order to have, as they contend, "reasonable access to their properties." Appellants assert it is necessary for them to park on the edge of the street because their properties are situated on low-lying land, which has standing water on it much of the year. While they can connect to their properties by automobile by way of a back alley, they contend they would have to build expensive driveways to access their properties.

On August 11, 2009, the City's Board of Aldermen adopted Ordinance No. 51.090 ("the ordinance"), which made it unlawful to park vehicles within the city limits except where authorized. Pursuant to the ordinance, parking was barred in any place where official signs were located prohibiting stopping, standing, or parking. After the ordinance passed, the City notified its residents in a letter that they were no longer allowed to park along Maple Street

and that the City had begun erecting "No Parking" signs along that street. Any violation would be punishable by fines of up to $500.00 and/or confinement in jail not to exceed 180 days.

In response to the passage of the ordinance and the prohibition of street parking on Maple Street, Appellants filed a Petition for Temporary Restraining Order, Injunction, Declaratory Judgment and Damages on February 22, 2010. In Count I of their petition, Appellants requested a temporary restraining order and injunction preventing the City from enforcing the ordinance until a trial could be held on the merits. In Count II, Appellants pleaded they had no reasonable access to their property, and the only legal access was by way of an alley behind their properties situated in an area where there is constantly standing water on the land requiring extensive construction and attendant costs to reasonably access their properties. They prayed for a declaratory judgment declaring the ordinance "illegal and void" because the ordinance is "discriminatory, unreasonable and invalid" for several reasons that Appellants enumerated. In Count III, Appellants petitioned the court for damages against the City for "Inverse Condemnation," re-alleging that they had no reasonable access to their property, save for an alley behind their properties in an area of standing water, which would require extensive and expensive construction to reasonably access their properties. They also alleged that the ordinance prohibited them from parking on the public street in front of their homes; that the fair market value of these properties had been reduced; that they otherwise had no access to the properties; and that there was no place for the parking of their motor vehicles thereby constituting a "wrongful appropriation" of their land resulting in damages in excess of $25,000.00.

In response to Appellants' petition, the City filed a motion to dismiss for failure to state a claim upon which relief can be granted. After hearing oral arguments on the City's motion to dismiss, the trial court took the matter under advisement. Counsel for Appellants and the City submitted memoranda of law in opposition to and in support of the motion to dismiss. Concerning Count II, the City argued that Appellants failed to state a viable claim in that they "failed to allege any violation of the City's police power or of any state statute or a deprivation of any right or privilege guaranteed by the State or Federal Constitution." [1] The City also argued Count III should be dismissed because Appellants failed to plead any personal private property right to park along Maple Street which the ordinance deprived them of. The trial court sustained the City's motion to dismiss and on June 24, 2010, entered a formal judgment dismissing Appellants' petition with prejudice. The court did not provide any basis for its dismissal. This appeal timely follows.

In their sole point relied on, Appellants aver that the trial court erred in sustaining the City's motion to dismiss

> in that the trial court failed to treat all the facts in the Appellants' [p]etition as true, as the petition invoked principles of substantive law, including elements constituting a violation of the Appellants' 14th Amendment Due Process Rights and the defacto exercise of eminent domain authority under Article I, Section 26 of the Missouri Constitution.

1. Neither of the parties address Count I which became moot as of the time of the hearing.

Review of a circuit court's order granting a motion to dismiss is *de novo* and we examine the pleadings to determine whether they invoke principles of substantive law entitling the plaintiffs to relief. *Weems v. Montgomery,* 126 S.W.3d 479, 484 (Mo.App.2004); *Fenlon v. Union Elec. Co.,* 266 S.W.3d 852, 854 (Mo.App.2008). In an appeal from a motion to dismiss for failing to state a claim upon which relief can be granted, the following standard of review applies:

> [a] motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.

*State ex rel. Henley v. Bickel,* 285 S.W.3d 327, 329 (Mo. banc 2009) (quoting *Bosch v. St. Louis Healthcare Network,* 41 S.W.3d 462, 464 (Mo. banc 2001)). " 'The ruling on a motion to dismiss is ordinarily confined to the face of the petition, which must be given a liberal construction.' " *Solberg v. Graven,* 174 S.W.3d 695, 699 (Mo.App. 2005) (quoting *Matt v. Burrell, Inc.,* 892 S.W.2d 796 (Mo.App.1995)). Where, as here, the trial court does not provide a basis for its dismissal, we presume the dismissal was based on the grounds stated in the motion to dismiss, and we will affirm if the dismissal was appropriate on any such grounds. *Lueckenotte v. Lueckenotte,* 34 S.W.3d 387, 391 (Mo. banc 2001).

In Missouri, a petition must contain "a short and plain statement of the facts showing that the pleader is entitled to relief...." Rule 55.05.[2] This means that it must identify the facts upon which the plaintiff's claim rests and present factual allegations in support of each essential element of the claim. *Solberg,* 174 S.W.3d at 699; *Berkowski v. St. Louis Bd. of Election Comm'rs,* 854 S.W.2d 819, 823 (Mo. App.1993). We disregard mere conclusions in the petition that are not supported by facts. *Solberg,* 174 S.W.3d at 699; *Westphal v. Lake Lotawana Assoc., Inc.,* 95 S.W.3d 144, 150 (Mo.App.2003). In order to withstand a motion to dismiss, a petition must invoke " 'substantive principles of law entitling plaintiff to relief and ultimate facts informing the defendant of that which plaintiff will attempt to establish at trial.' " *Henley,* 285 S.W.3d at 329–30 (quoting *State ex rel. Union Elec. Co. v. Dolan,* 256 S.W.3d 77, 82 (Mo. banc 2008)). However, on a "motion to dismiss for failure to state a claim, defendant bears the burden of establishing that the elements pled by plaintiff fail to state a cause of action." *Saidawi v. Giovanni's Little Place, Inc.,* 987 S.W.2d 501, 504 (Mo.App. 1999).

First we examine the trial court's dismissal of Count II of Appellants' petition wherein they argued the ordinance was "discriminatory, unreasonable and invalid" for allegedly denying them "reasonable access to their property" and compelling them to construct expensive driveways from an alley through their low-lying lots if they wished to comply with the parking ban. The fatal flaw with Count II as pled is that it is uncertain from the face of the petition which principle of substantive law Appellants are invoking as grounds for declaratory relief. From the Appellants' appeal brief, it is clear they believe that the City's enforcement of the ordinance as

2. Rules references are to Missouri Court Rules (2010).

described in Count II of the petition "constituted deprivation of due process under the 14th Amendment of the United States Constitution." Appellants, however, did not expressly raise this constitutional due process claim in their petition, and our review of the adequacy of the pleadings is confined to the face of the petition itself. *Solberg,* 174 S.W.3d at 699. "To properly raise a constitutional issue ... a pleading must, among other requirements, 'designate specifically the constitutional provision claimed to have been violated.'" *Westphal,* 95 S.W.3d at 150 (quoting *Laubinger v. Laubinger,* 5 S.W.3d 166, 173 (Mo.App.1999)). Because Appellants' petition did not specifically designate which of their constitutional rights were violated by the ordinance, they failed to invoke a substantive principle of law in Count II. The mere assertion that a government action is "discriminatory" and "unreasonable" does not constitute a substantive legal claim without reference to a specific constitutional or statutory provision. *See id.* The trial court's dismissal of Count II was not erroneous.[3]

In Count III, Appellants claimed inverse condemnation and asked for damages as a result.[4] By incorporating paragraph 21 from Count II of their petition, they also pleaded in Count III that "[b]y virtue of the [o]rdinance" they "now have *no reasonable access to their property* and the only legal access they have is by virtue of an alley behind their properties that is situated in the area where there is constantly standing water on the land." (Emphasis added.) They then pleaded that "to access their property from said alley" would require "expensive" "construction of driveways on each property" through use of a "backhoe," "bulldozer work," the installation of "many loads of rock to raise the grade to keep the driveway out of the water" and "will also necessitate the installation of piping work." They further alleged that the "actions of the City in enacting said [o]rdinance have decreased the market value" of their properties "by denying [Appellants] reasonable access to their properties." They asserted that the ordinance amounted to a "taking" of their "property by inverse condemnation" entitling them to monetary damages.

"Inverse condemnation is a cause of action against a governmental agency to recover the value of property

3. "[T]he decision to dismiss a petition with or without prejudice rests within the sound discretion of the trial court." *Saidawi,* 987 S.W.2d at 505. As best we discern Appellants did not seek to set aside the judgment and allow leave to amend or seek modification of the judgment of dismissal to make it a dismissal without prejudice. *See Williams v. City of Kansas City,* 841 S.W.2d 193, 198 (Mo.App.1992). Appellants bring no challenge based on the trial court's abuse of discretion when it determined their cause of action was "dismissed with prejudice."

4. As opposed to the word "discrimination" and "unreasonable," which have broad meaning, the phrase "inverse condemnation" is more specific and imports the taking of or a damage to a private property right for public use implicating a right of just compensation. *Harris v. Missouri Dept. of Conservation,* 755 S.W.2d 726, 729 (Mo.App.1988). The cause of action of inverse condemnation was originally conceived and developed, to give a landowner a remedy at law when a condemnor physically accomplished a taking or damaging of private property, (which was in result like an act of eminent domain) but which was carried out with none of the procedure nor compensational requirements of an eminent domain procedure.

*Id.* It is "well-settled law" that Article 1, section 26, Missouri's constitutional version of the just compensation clause similar to that of the fifth amendment to the United States Constitution, "'gives an absolute right and is self-enforcing.'" *Lange v. City of Jackson,* 440 S.W.2d 758, 763 (Mo.App. 1969) (quoting *Hickman v. Kansas City,* 120 Mo. 110, 25 S.W. 225, 226 (1894)).

taken by the agency, though no formal exercise of the power of eminent domain has been completed." *Missouri Real Estate and Ins. Agency, Inc. v. St. Louis County,* 959 S.W.2d 847, 849 (Mo.App. 1997). One scenario that can give rise to a suit for inverse condemnation, is where "the authority does not condemn the property for public use, but, as a direct consequence of an improvement, the land is damaged." *Id.* A property owner has a right of ingress and egress to and from his property, which includes the right to access an adjoining public street or highway and such an interest cannot be taken by condemnation without just compensation. *Missouri Real Estate,* 959 S.W.2d at 849; *Schrader v. QuikTrip Corp.,* 292 S.W.3d 453, 456 (Mo.App.2009). "The right of ingress and egress, however, does not extend to every foot of the condemnee's property." *Missouri Real Estate,* 959 S.W.2d at 849–50. Pursuant to a municipality's police powers, however, it can place reasonable restrictions on this right. *Id.* "Under the police power of the State the right may be limited to reasonable access under the existing facts and circumstances." *Id.* at 850.

In their Count III, Appellants have not set forth any factual allegations to show that the City has limited or denied their right of ingress and egress to their properties. Appellants only allege that they can no longer *park* on the adjoining public street. Although they summarily claim that enforcement of the ordinance has denied them "reasonable access" to their homes, the City's *parking* ban on Maple Street does not impinge on Appellants' ability to otherwise reasonably access their properties from that street, and a restriction on parking is not the same as a limit to access. *See Schrader,* 292 S.W.3d at 458 (holding that "[t]he abutter's easement was created to protect the right of ingress and egress, not to compensate abutting property owners for alterations made to a public roadway that reduces parking, traffic, or visibility"). The Eastern District of this Court held as much in *Schrader,* 292 S.W.3d at 455. In *Schrader,* a restaurant owner filed suit against the Missouri Department of Transportation ("MoDOT") after it removed the parking lanes from the street adjoining the restaurant, thus, eliminating parking spots commonly used by restaurant patrons. *Id.* at 455. In denying that MoDOT interfered with the plaintiffs' right of access to use the adjoining street for ingress and egress, the court expressly declined to "equate the right of vehicular access onto their property with the elimination of parking along a public thoroughfare...." *Id.* at 457–58. As such, Appellants have not pleaded sufficient facts to establish that the ban on street parking constituted inverse condemnation.[5] Here, the trial court did not err in granting the City's motion to dismiss as to Count III. Point denied.

The judgment of the motion court is affirmed.

LYNCH, and BURRELL, JJ., concurs.

5. Even in a case where "access to property is cut off in one direction by the *closing* of the street upon which it abuts but may be had in the other direction, the property is not taken or damaged." *Missouri Real Estate,* 959 S.W.2d at 850 (emphasis added). Here, Appellants pleaded they had the ability to access their properties by automobile by way of a back alley.